## THE STATE v. ANDREW JORDAN.

The venue is sufficiently stated in an indictment, by presenting that the act was done in "the county of Rusk;" not necessary to say "*said* county of Rusk," nor to add "in the State of Texas."

The boundaries of counties, as municipal subdivisions, are matters of judicial knowledge.

Appeal from Rusk. The indictment was quashed "because there was no sufficient venue laid in the body of said indictment."

*Attorney General*, for appellant. When, in judicial proceedings or other public affairs, we speak of "the county of Rusk," "the county of Middlesex," &c., we always mean the county of that name in the State or Kingdom in which we are speaking or writing. The English precedents of indictments invariably begin "Middlesex," or "Surrey," &c., to wit: stating the name of the county simply, without adding that it is England or Great Britain. The Court is always presumed to know the political divisions of the State, especially what county it is setting in.

*Pitner & Casey*, for appellee. The charge against the appellee is, "That Andrew Jordon, late of the county of Rusk, laborer, on the first day of November, in the year of our Lord one thousand eight hundred and fifty-one, in the county of Rusk, did bet money at a gaming bank, at Faro." It is not alleged in the foregoing charge, that the county of Rusk, in which the offence is charged to have been committed, is in the State of Texas; nor is it alleged that it is the county of Rusk aforesaid: nor is the county of Rusk aforesaid alleged to be in the State of Texas. Suppose the appellee should have gone

to trial, and the State should propose to prove that the offence charged was committed in the county of Rusk in the State of Texas, such evidence should be ruled out, because there was no averment correspondent to such proof.

The Grand Jurors are sworn to inquire only of offences committed within the body of the county, (3 Bl. Com. 303,) and therefore they must allege that the offence was committed within the county for which they are sworn, to give the Court jurisdiction.

It can avail the plaintiff or appellant nothing to say that we must make " the county of Rusk," mentioned in the body of the indictment, refer to the venue in the margin, because, " The venue in the margin is not sufficient, unless it be specified in the body of the indictment." (1 Chit. on Pl. 305 ; 1 Chit. Cr. L. notes 194, 196, and 197 ; U. S. Dig. 522, Art. 106 ; p. 523, Art. 131 ; p. 524, Art. 146 and 148.) The caption forms no part of the indictment, its office is to state the style of the Court, the time and place of its meeting, the time when and the place where the indictment was found. (McClure v. the State, 1 Yerger, 206.) Hence the venue laid in the caption cannot apply to any facts alleged or charged in the body of the indictment. In 4 Tex. R. English v. The State, the Court say, " The caption forms no part of the in- " dictment ; it is not essential ; and therefore no defects in it " can be made a ground of objection to the indictment." Therefore any allusion to the caption in the body of the in dictment can avail nothing ; and a fortiori, when that allu- sion or reference must be by intendment or inference. In 1 Johns. R. 71, The People v. Barrett, Judge Spencer says : " There appears to be no venue, either expressly or by impli- " cation, as to the fraudulent representations made by Barrett " to Darien, that Guno, the maker of the note imposed on " Darien, was in solvent circumstances. It is a fundamental " principle, that every material fact must be clearly set out, " so that nothing can be taken by intendment." If there had been a venue in this last case by implication only, it is evident

the Court would disregard it, as they say that "Nothing can "be taken by implication : and if the party had been found "guilty on such imperfect indictment, the judgment would be "arrested."

The case of Searcy v. The State, 4 Tex. R. 450, seems to be decisive of the present case. In that case reference was made to the venue in the margin or caption, in charging the offence in the body of the indictment, whilst the present indictment is more defective. In that case the Court say: "The "omission of an indictment to lay a venue to the offence "charged, is a fatal defect, which may be taken advantage of "by motion to quash or in arrest of judgment."

HEMPHILL, CH. J. The indictment is to the effect, that the grand jurors for the State of Texas, duly drawn, &c., to present all crimes and offences, cognizable by the District Court, committed within the body of the county of Rusk, do upon their oath present, that Andrew Jordan, on the first day of November, 1851, in the county of Rusk, did bet money at a gaming bank, at faro, &c.

The alleged objection to this indictment is, that no sufficient venue was laid in the body of the indictment; that, instead of charging the offence to have been committed in the county of Rusk, it should have been laid as committed in the said county of Rusk, in the State of Texas.

No doubt the venue, or place where the offence is committed, must be laid with certainty, and that it must be laid in the county in which the grand jury is empannelled to take cognizance of the offence. But, is this not done by laying the offence in the county of Rusk ? The grand jury was impannelled to inquire into offences in the county of Rusk ; and when, in the discharge of their duties, they charge an offence to have been committed in that county, it is impossible to doubt that the place, laid as a venue, is the identical county in which the grand jury, charged to inquire into the offence,

The State v. Jordan.

is officiating. The county, laid as the venue of the offence, is the same with that stated in the margin, and also with that stated in the caption of the indictment; and this mode of averring the venue is in conformity with the precedents. In Archbold's Criminal Pleading, p. 36, it is said, in substance, that the usual mode of averring the place of the offence is "the county of C., or the county aforesaid," thus making the specification of the county by name, and its identification by reference, equivalent to each other. The county of Rusk was the one in which the Court and jury were sitting. Its boundaries and limits, as a municipal subdivision of the State, were matters of judicial knowledge. And when the jury, in the course of its action, charged the defendant with having committed an offence in that county, there could be no doubt of the *locus* of the offence nor of the jurisdiction of the jury to find, or the Court to try such offence.

The judgment is reversed and cause remanded.

Reversed and remanded.