Moses Robertson, Appellant, *v.* John Dodge, Appellee.

### APPEAL FROM WARREN.

A jury cannot willfully disregard the testimony of an unimpeached witness. While a jury may judge of the credibility of a witness, they must exercise their judgments while doing so, and not their will merely.

The appellee sued the appellant before a justice of the peace, to recover pay upon an alleged contract to build a partition fence between the farms of the parties.

The case was appealed to the Circuit Court of Warren county, and, upon a trial before a jury, a verdict and judgment were rendered for the plaintiff below for $26.25 and costs.

On the trial, the plaintiff proved that a contract was made between the parties in March, 1858, whereby the plaintiff was to build a partition fence separating the adjoining farms of the parties, and the defendant was to pay the price for one-half thereof; that the plaintiff built the fence of rails, 106 rods long, and that it was worth $30, *i. e.*, one-half of it.

There was evidence tending to show that a subsequent arrangement was made, whereby the fence was to be built of posts and boards, but it also showed that the fence built had been used by the defendant, and that there was a controversy about it between the parties.

The defendant then proved, by *Bailey C. Robertson*, that

in April or May, 1859, he bought the farm of plaintiff from him, together with another tract, for $3,000 ; that he would not purchase until the controversy about the fence was settled, and the plaintiff agreed, as a part of the contract of sale, that whatever claim he had for building the fence, should be and was transferred to the witness ; and afterwards the witness released the defendant from all such liability and before this suit was brought, but did not receive anything for it.

The defendant then proved, by *David Alder*, that just before this suit was commenced, the plaintiff said to the witness, " that he supposed he had settled the matter when he sold his farm, but he had altered his mind, and was going to have a lawsuit about it."

This was all the evidence.

Two instructions were given for the plaintiff, to which no exception is now taken.

On the part of the defendant the court gave the following instruction :

" 1. If the jury believe, from the evidence, that when Dodge, the plaintiff, sold the farm to B. C. Robertson, he also agreed with him, as a part of the consideration of the purchase of said farm, that he might have the benefit of the claim he had against the defendant for the making and building the said fence, then they will find for the defendant."

The defendant moved for a new trial, which was overruled by the court, and exception taken.

The appellant now assigns for error, among other things, the refusal of the court to grant a new trial.

Philo E. Reed, and W. C. Goudy, for Appellant.

J. K. Ripley, and A. G. Kirkpatrick, for Appellees.

Caton, C. J. Under the evidence and the instructions in this case, this is a most extraordinary verdict. If the witness Robertson is to be believed, then the plaintiff did sell this claim against the defendant to the witness when he sold the farm, and it was a part of the same transaction. This transferred to the witness the equitable title to the claim, and the

right to enforce or release it as he pleased. He refused to purchase the farm till this difficulty was disposed of. It was disposed of when it was sold to him, thereby enabling him to release or settle it as he pleased. He released it, and this, as he supposed, secured peace and quiet in his neighborhood. Such release, although voluntary, was a good defense to any action for this demand, at least unless it was prosecuted by Robertson. The only question would seem to be, was the jury justified in disregarding the testimony of this witness? He was not impeached in the least, in any way, so far as this record shows. Indeed, there is no intimation that he is not a truthful man. Can a jury, from mere caprice, entirely disregard the testimony of a witness unimpeached in any way? This they cannot lawfully do, although they are the judges of the credibility of witnesses. They must judge of that fact, as of any other in the case, from evidence. They cannot disregard the testimony of a witness without some cause. They must have some grounds for disbelieving him before they are authorized to do so. They must exercise their judgment, and not their will, when passing upon the credibility of a witness.

The judgment is reversed, and the cause remanded.

*Judgment reversed.*