Day, J.
At the March term, 1870, of the court of common pleas of Williams county, the plaintiff in error was indicted for the crime of arson, and, at the May term, he was tried and convicted. He now prosecutes this proceeding in error here, to reverse the judgment of that court, on the ground that it erred in overruling his motion for a new trial and motion in arrest of judgment.
On the motion for a new trial, the only ground relied upon was, that the verdict was against the evidence. All the testimony given on the trial is before us upon the record; and we cannot say that it does not sustain the verdict. There *417 was, therefore, no error in overruling the motion for a new trial.
The motion in arrest is based upon an alleged defect in the indictment, by reason of it not showing the offence charged to be within the jurisdiction of the court.
It is alleged in the indictment, “that "William Eoster, on,” etc., “ at the cotmty of Williams, a certain barn . . . there situate, . . . did cause and procure to be burned and destroyed,” etc.
The defect claimed is, that there is no connective word or averment showing the county of Williams to be in the State of Ohio. Undoubtedly it must appear from the indictment with certainty that the offence charged was committed in the State, and within the county where the indictment is returned ; for the jurisdiction of the grand jury is confined “ within the limits of the county in and for which they were empanelled and sworn or affirmed.” Sec. 72, Code of Crim. Procedure.
The certainty required in indictments at common law is such, that “ everything which the pleader should have stated, and which is not expressly alleged or by necessary implication included in what is alleged, must be presumed against him.” Arch. *44. Under this strict rule, it was not the practice, nor was it held to be necessary, in England, and many of the States in this country, to allege the name of the realm or State in which the offence was committed; for that was deemed to be stated with sufficient certainty, by the allegation of an offence within a county of the realm or State where the court had jurisdiction; Chitty’s Crim. Law, *194; Arch. 38; 1 Bish. Crim. Proced. sec. 106. It would seem, then, that the allegation of an offence in a county of the realm was deemed, “ by necessary implication,” to include a statement of the offence within the realm where the county was situated.
If in England courts thus take judicial notice that counties therein (which are determined by ancient usage only) are in the realm where the court is held, much niore may the courts *418 of a country where State and county lines are established by legislative enactments.
, The county of Williams is a municipal subdivision of the State, established by law, and it is therefore a matter of judicial knowledge that it is within and a part of the State. The State v. Jordan, 12 Texas, 205; The People v. Breese, 7 Cowen, 429; Commonwealth v. Springfield, 7 Mass. 9.
The record of the case before us shows that, at a term of the court of common pleas held in “ Williams county, Ohio,” a grand jury was “duly empanelled, sworn, and charged within and for the county of Williams.” It appears from the introductory part of the indictment, that the county of Williams is in the “ State of Ohio,” and that the jury were “ empanelled, sworn, and charged to inquire of offences committed in scdd county,” and that the presentment was made “ in the name and by the authority 'of the State of Ohio.” The in«dictment also concludes, as required by the constitution of the State, that the offence was committed “ against the peace -and dignity of the State of Ohio.” It is charged to have been -committed “ at the county of Williams.” There is but one ■ county of that name in the State. The “ implication ” is ■irresistible, that it was the county where the court was held, and the one named in the caption as being in the State of Ohio.
It is evident that the veuue in this case was laid with as much certainty, to say the least, as was required by the common law; nor could there seem to be any good reason why, after verdict, the indictment should be held to be insufficient for want of more technical certainty in the statement of the locus of the offence, since no more nor higher degree of ■proof would bo required thereby, nor would the record' be a more effectual bar to a future prosecution.
How the omission complained of might affect the indictment on a motion to quash, is a question not raised by the record, and no opinion in regard to it need be given.
The precise question made in this case was decided in The State v. Lane, 4 Ired. 113, and in The State v. Jordan, 12 Texas Rep. 205, where the indictments were sustained. To *419 the same effect are the cases of the Commonwealth v. Quin, 5 Gray, 478; Commonwealth v. Barney, 10 Cush. 480; The State v. Cotton, 4 Foster, 143; and The People v. Barrett, 1 Johns. 65.
The omission, at most, was a defect in form only, and in no manner affected a substantial right of the accused. The 196th sec. of the Code of Criminal Procedure provides that “ no judgment can be arrested for a defect in form.”
We think, therefore, that the motion to arrest judgment was properly overruled. It follows that the judgment of the common pleas must be affirmed.
Brinkbrhoh'F, C.J., and Scott, Welch, and White, JJ., concurred.