CORNELIUS HOLDEN *et al.*

*v.*

JACOB D. HERKIMER *et al.*

1. ABSTRACTS AND BRIEFS—*necessity thereof.* In this case, the plaintiff in error failed to comply with the rules by filing an abstract or a printed brief, and the cause was dismissed on account of such omission.

2. APPEALS, *and writs of error to inferior courts.* In the absence of statutory provision, this court has no authority to hear writs of error directed to inferior courts, or to hear appeals from such courts.

3. SAME—*of reviewing decisions of the common pleas court of the city of Mattoon.* So this court has no jurisdiction to hear a writ of error directed to the common pleas court of the city of Mattoon, there being no law authorizing causes to be brought from that court to the supreme court, on error or by appeal.

WRIT OF ERROR to the Common Pleas Court of the city of Mattoon; the Hon. WILLIAM W. CRADDOCK, Judge, presiding.

Messrs. HENRY & STEELE, for the plaintiffs in error.

Messrs. MOULTON & CHAFEE and Messrs. HARDING & BAR-RETT, for the defendants in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

The writ of error in this case must be dismissed. Plaintiffs in error have not complied with the rules of court by filing a printed abstract, or one in manuscript, even, nor have they filed a printed brief. When cases are brought to this court, to be entitled to a hearing, they must be prepared substantially according to the rules of court, and when the rules are wholly disregarded in this respect, the court feel no inclination to so far depart from its rules as to consider and decide them.

But, independent of these considerations, we fail to find any law which confers upon this court jurisdiction in this case. The court below was created by an act of the general assembly, approved on the twentieth day of February, 1869. The act confers upon it concurrent jurisdiction with the circuit court, within the corporate limits of the city of Mattoon, in all civil common law cases and actions arising under the statutes of this State, for the recovery of debt. It provides for the election of a judge and the organization of the court, and the service of process, and declares that it shall be a court of record.

The tenth section of the act (public laws, 1869, p. 135) declares " all judgments of the court shall be a lien upon real estate in the county of Coles, from the rendition thereof, subject, however, to the provisions of section seven of this act, and shall be enforced and collected in the same manner as judgments rendered in the circuit court of Coles county, and appeals from the orders and judgments of said court may be taken to the circuit court of Coles county, and shall be had in the same cases, and taken and conducted in the same manner, as is provided by the laws of this State for taking appeals from the circuit courts to the supreme court." The remaining portion of the section applies to the practice, on the hearing of appeals in the circuit court, and in the common pleas court.

This is the only provision we find in the act authorizing or permitting the decisions of that court to be reviewed. And it will be perceived that it contains no authority to remove cases therefrom to this court, either on error or by appeal. In the absence of statutory provision, we are aware of no law which authorizes this court to hear writs of error directed to inferior courts, or causes sought to be removed therefrom to this court. Nor have counsel referred us to any law on the subject. Although the county courts exist as courts of record, no one supposes that a writ of error lies from this to those courts for the correction of errors in the allowance of claims against estates or other judgments or orders, where the statute has not authorized an appeal or error to be prosecuted in this court. In such cases, the remedy is by appeal to the circuit court, unless jurisdiction is conferred upon this court by legislative enactment, and the statute in this case has not made any exception, as it gives the appeal to the circuit court of Coles county. The writ of error must be dismissed.

*Writ of error dismissed.*