## J. V. FOSTER AND OTHERS v. J. L. SHEPHARD.

1. The defendant, as surviving partner of a mercantile firm, had recovered a judgment against F. The plaintiffs, being universal legatees of the deceased partner, sued in the district court, alleging that the defendant had long since discharged the debts of the firm, and had converted its assets to his own use; that if permitted to collect the judgment against F., he would convert that also to his own use and thus defraud the plaintiffs;—wherefore, they prayed that he be enjoined from collecting the judgment, and be required to account for the assets, etc. A preliminary injunction was granted, but subsequently, on motion of the defendant, it was dissolved for want of equity in the petition, and judgment was rendered against the plaintiffs and the sureties on their injunction bond for the amount of the judgment against F., with interest and costs—the suit being retained for trial in other respects. *Held*, that the case comes within the provisions of Article 3937, Paschal's Digest, and it was error to dissolve the injunction without requiring of the defendant a refunding bond, as prescribed in that enactment.

2. *Held further*, that inasmuch as the plaintiffs were strangers to the judgment against F., the case does not come within the provisions of Article 3935, Paschal's Digest, and it was error to render judgment on their injunction bond for the amount of the judgment against F. (Carlin v. Hudson, 12 Texas, 202, cited and approved.) If the injunction was wrongfully sued out to the damage of the defendant, he could have reconvened for his damages in the same suit, or recover them by an action on the injunction bond.

ERROR from Harrison.

The facts are sufficiently indicated in the opinion and the head notes. The judgment enjoined was against one J. B. Foster as his individual debt, and he was one of the plaintiffs in this injunction suit; but he was only a plaintiff *pro forma*, being the husband of J. V. Foster, one of the legatees of Sanders, the deceased partner of Shephard.

*Poag & McKay*, for the plaintiffs in error.

No brief for the defendant in error.

OGDEN, J.—The plaintiffs in error in this cause commenced suit against defendant in error, in the district court, by injunction. Defendant filed a motion to dismiss the injunction for want of equity in the petition, which motion was sustained by the court. The injunction was dissolved, and a judgment was rendered against all the plaintiffs and their securities on the injunction bond, for the amount of the original judgment, the collection of which was sought to be restrained, and execution ordered for the judgment and costs, without requiring the plaintiff in the original judgment to execute a refunding bond as required by law. We think this such an error as will require a reversal of the judgment in this case. Article 3937, Paschal's Digest, provides substantially that on the dissolution of an injunction restraining the collection of money, if the petition be continued over for trial or hearing as an original suit, it shall be the duty of the court to require of the defendant or defendants bond and security in double the amount enjoined, conditioned that he or they will refund to the complainants the amount of money, interest and costs, which may be collected from them in the suit or proceeding enjoined, in the event of such injunction being made perpetual on a final hearing. We are of the opinion that though defendant in error was not attempting to collect money directly from the plaintiffs, yet he

was attempting to collect money claimed by them as theirs of right, and therefore this case would properly come under the rule of the statute; and that the court erred in not requiring a refunding bond as therein required, for all moneys collected on the debt or judgment enjoined in this suit.

The judgment of which plaintiffs in error now complain was rendered against the heirs of Sanders for a debt due from J. B. Foster to the partnership firm of Sanders & Shephard. This we also think was erroneous. Had J. B. Foster been the only party suing out the injunction, in his individual right to restrain the collection of a debt due from him to Sanders & Shephard, then the judgment against him and his sureties on the injunction bond would have been legitimate and proper. But in the case at bar, he was not an interested party at all, and the judgment was rendered against strangers to the original debt. This we think in conflict with the decision of this court in the case of Carlin v. Hudson, 12 Texas, 203, and contrary to justice and equity. In the case cited Justice Wheeler says, "it was competent for the plaintiff in execution to have pleaded to the petition for injunction, the damages sustained by reason of the improper suing out of the injunction. * * * But they could only recover upon proof of the damages they have sustained by reason of the injunction." This we think the true rule under the statute, and that the judgment of the district court in this cause, in rendering judgment against the heirs of Sanders for the debt they had enjoined was erroneous.

For the reasons given this cause is reversed and remanded.

Reversed and remanded.