## DANIEL EVANS

### *v.*

## HENRY P. GEORGE *et al.*

1. CREDIBILITY OF WITNESSES—*juries can not arbitrarily disbelieve the testimony of witnesses.* The proposition that the jury have the right to disbelieve such witnesses as, in their judgment, under all the circumstances of the case, are unworthy of belief, is not the law. The jury, although they are the judges of the credibility of witnesses, have no right to arbitrarily disbelive the testimony, unless where the witness has wilfully and knowingly sworn falsely to material facts in the case.

2. INSTRUCTION — *based upon irrelevant testimony.* Where irrelevant testimony has been introduced, on the trial of a case, it is error for the court to give instructions based upon hypothetical cases supposed to have been made by such evidence.

3. SAME—*based upon a partial view of the facts.* An instruction which undertakes to give a summary of the principal facts, but directs the attention of the jury only to those favorable to one of the parties, leaving out of view all that tend to illustrate the theory of the other party, is objectionable.

3. EVIDENCE. A party, as agent, sold a tract of land subject to the ratification of his principal, with the agreement that if not ratified he would refund to the purchaser the money paid by him. The principal refused to ratify. In a suit brought by the purchaser for the money so paid by him, it was *held,* that evidence of subsequent contracts between the parties was irrelevant, unless it was proposed to show that in making

such subsequent contracts, the matter of the money to be refunded under the first contract was, in some way, adjusted.

APPEAL from the Superior Court of Cook county; the Hon. JOHN BURNS, Judge, presiding.

Mr. FRANK J. CRAWFORD, for the appellant.

Mr. D. HARRY HAMMER, and Mr. FRANK J. SMITH, for the appellees.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the Court:

This action was brought to recover money paid on a contract made with defendants, as agents for one Hynes, supposed to be the owner, for the sale to plaintiff of a certain tract of land. The contract was in writing, was signed by defendants, as agents, and contained this clause, " we to procure for him said deed within a reasonable time, or refund the sum now paid." That sum was $250. The agreement contained the further provision, "Sale made subject to ratification of owner." Hynes lived in Vermont, and when applied to for that purpose refused to ratify the contract.

Afterwards defendants made another contract with plaintiff for the sale of part of the same tract of land, upon which he advanced the further sum of $360. This contract was subject to the same conditions as the former one. On application to Hynes, he refused to ratify the second contract, and thereupon the $360 advanced upon it was returned to plaintiff.

It is not contended that at this or any other previous time, defendants had refunded to plaintiff $250 advanced to them under the first contract, but plaintiff insists he was urged by defendant George, and under his advice placed the agreement on record in the recorder's office of the county, and that defendants promised to refund him the $250 in a short time.

Shortly after these transactions, it was discovered that

Hynes was not the owner of the lands about which the parties had been negotiating, but one Morse was the real owner. After the dissolution of the co-partnership between defendants, such negotiations were had with George by which plaintiff purchased the lands of Morse. The latter sale was effected April 10, 1872.

There is no pretense the $250 advanced on the first contract has ever been refunded, unless it was done in some way on the Morse contract. But we are unable to find any satisfactory evidence that it was adjusted in that way.

It will not do to say the case presents a conflict of evidence, was properly submitted to the jury on proper instructions, and for that reason the verdict ought to be permitted to stand. Upon looking into the instructions, we find every one of the series given on behalf of defendants, is, in some particular, faulty. We can not undertake to comment on each of them, but will speak of them in a general way that will indicate our disapproval of the whole series.

The proposition, that the jury have the right to disbelieve such witnesses as, in their judgment, under all the circumstances of the case, are unworthy of belief, is not the law. The jury, although they are the judges of the credibility of the witnesses, have no right to arbitrarily disbelieve the testimony, unless where such witnesses have wilfully and knowingly sworn falsely to material facts in the case.

Whether plaintiff had placed the first contract on record in the proper office by the direction of George, or of his own motion, had nothing to do with his right to recover in this action, and the instructions of the court on that subject were highly calculated to mislead the jury. It was shown, not only that Hynes had refused to ratify the contract, but that he had no interest whatever in the land. Whether the contract was on record or not could make no difference. It bound no one, and it is not claimed that it did.

Much irrelevant testimony was admitted, and some of the instructions are based upon hypothetical cases, supposed to have

been made by such evidence. The effect was to confuse the jury. The subsequent contracts between the parties can have no possible connection with this transaction, unless it is proposed to show that in making such contracts the matter of the $250 was, in some way, adjusted with plaintiff. The note given by plaintiff to George was an individual transaction, and in no view was it proper evidence in this case.

In the last instruction of the series, the court undertook to give the jury a summary of the principal facts, which they were to consider in their deliberations on their verdict. It directed their attention only to facts favorable to defendants, and left out of view all that tended to illustrate plaintiff's theory of the case. It is the duty of the jury to consider all the facts, and when the court assumes to direct their attention to the facts, it should refer them to all the facts, so as to present the case fairly for both parties. Otherwise, the jury might understand the facts stated in the instructions are the only ones necessary to be considered in deliberating on their verdict. *Chicago, Burlington and Quincy R. R. Co.* v. *Griffin,* 68 Ill. 499.

The judgment will be reversed and the cause remanded.

*Judgment reversed.*