## JOHN SATTERWHITE *v.* THE STATE.

1. INDICTMENT — VENUE. — Venue is sufficiently stated in an indictment by
the allegation that the act was done in H. County, and it is not necessary
to say "said county of H.," nor to add, "in the State of Texas."

2. EVIDENCE — CASE STATED. — In a trial for theft, it was in proof that the
animal, when stolen, was running with a colt and a gray ridgling, and that
all three animals were subsequently found in P. County, where defendant,
under another name, had sold them. Defendant being on trial for the
theft of the mare, objections were made to any and all evidence relating to
the colt and ridgling. *Held,* admissible, under the established rule that
evidence of independent crimes may be given when necessary to establish
identity in developing the *res gestæ,* or in making out the guilt of the
defendant by a chain of circumstances connected with the crime for which
he is on trial.

3. SAME — PRACTICE. — The practice of requiring the whole of a conversation
to be given in evidence is limited by the statute to so much of it as relates
to the same subject, or such declarations as are necessary to a full under-
standing of the portion testified to, or which may explain it.

4. SAME. — The court properly refused to permit a witness to state what
reasons the defendant gave him for changing his name, or to state such
reasons unless witness knew them of his own knowledge.

5. SAME. — The jury is not bound to take as true the testimony of a witness
merely because he is unimpeached and uncontradicted, nor yet bound to

reject his testimony because evidence has been introduced to impeach him. And while the jury may judge of the credibility of the evidence under all the circumstances surrounding it, they must, in doing so, exercise judgment, and not their will merely.

6. CHARGE OF THE COURT. — Defendant asked that the jury be charged that they must "take the evidence of the witnesses, unless it appears that there is a conflict in the testimony of any or all the witnesses; and in that event you are the sole judges of the weight to be given to each witness; and reconcile it, if you can, so that it may all stand. In the event you cannot do so, you will credit such witnesses as you believe, in your judgment, to be true." *Held*, that the court did not err in refusing so to charge.

APPEAL from the District Court of Houston. Tried below before the Hon. W. D. WOOD.

The defendant was indicted by the grand jury of Houston County for the theft of a mare, the property of Frank Hefflin. The trial resulted in his conviction, and his punishment was assessed at five years in the penitentiary.

It was proved by the prosecution that the mare and a colt, the property of Hefflin, ran on the range in company with a gray ridgling, the property of George Damon. During the latter part of March, 1877, the three animals were taken from their accustomed range, in Houston County, without the consent of the owners. They were subsequently found at Moscow, Polk County; the mare and colt being found in the possession of one Jones, and the ridgling in the possession of one Leggett, to whom they had been sold by the defendant, under the name of Baker. These facts were shown by four witnesses.

It was also in evidence that, during a search for the horses, Damon and his brother met the defendant and his brother, Flem Satterwhite. Defendant said to Damon's brother that he had heard that the Damons accused him of stealing these horses. Damon answered, "No;" which was all of the conversation had about the horses.

One witness testified, for the defence, that he saw the defendant trade a dark brown, or bay horse for a sorrel mare and colt and a gray horse, in the public road between

Crockett and Sumpter, in Houston County. The trade was made with three strangers, whom witness could not describe; nor could he describe the horses ridden by them. The trade occurred during the latter part of February or the first part of March. Saw the parties change saddles, and left the three strangers standing in the road. Witness had lived in Palestine for about twelve months, and, before that time, for about twenty-five years in Houston County. Had not been either subpœnaed or attached as a witness in this case, but came voluntarily, reaching Houston County about a week before this trial.

Another witness for the defence testified that he travelled with defendant in the West, in September and October of 1878, and knew him then as John Hill.

Two witnesses, recalled for the State, testified that when the defendant sold the animals stolen, in Moscow, he was riding a black, or what might be called by many a dark brown horse.

No brief for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

WHITE, J. A motion was made to quash the indictment in this case because it failed to allege that the offence was committed in the State of Texas. We copy the indictment, so far as it is necessary, to understand the ground of the motion, as follows: " In the name and by the authority of the State of Texas. The grand jurors in and for Houston County, said State, duly elected, tried, empanelled, sworn, and charged at the November term, A. D. 1877, of the District Court in and for said Houston County, upon their oaths, present to said court that John Satterwhite, on the 27th day of February, in the year of our Lord one thousand eight hundred and seventy-seven, in the county of Houston aforesaid," etc.

It is claimed that the venue, as laid in the body of the indictment, is not sufficient; that, instead of charging that the offence was committed " in the county of Houston aforesaid," the indictment should have alleged that it was committed in the county of Houston, and State of Texas.   This identical question was raised in *The State* v. *Jordan*, 12 Texas, 205, and it was there held that " the venue is sufficiently stated in an indictment by presenting that the act was done in ' the county of Rusk,' and that it was not necessary to say ' said county of Rusk,' nor add, ' in the State of Texas.' "   It was further said: " The county of Rusk was the one in which the court and jury were sitting. Its boundaries and limits, as a municipal subdivision of the State, were matters of judicial knowledge.   And when the jury, in the course of its action, charged the defendant with having committed an offence in that county, there could be no doubt of the *locus* of the offence, nor of the jurisdiction of the jury to find or the court to try the offence."

There was no error in overruling the motion to quash. Several of the exceptions reserved by defendant to rulings of the court in the admission of evidence may be treated together, as they depend upon the same principle of law. The mare alleged to have been stolen was, before she was missed, running on the range with a colt of hers and a gray ridgling belonging to a man named Damon.   At the time the mare was missed, the colt and the gray ridgling also disappeared from the range.   On the trial, it was proved that these animals were all found in Polk County, having been sold there by the defendant, who called himself, and was passing under the name of, Baker.   The exceptions saved were to the admissibility of any and all the testimony relating to the colt and the ridgling, because defendant was charged alone with, and on trial alone for, theft of the mare.   This evidence was directly connected with the main fact, and as such was properly admitted.   Evidence of independent crimes is admissible " when it is necessary

to establish identity in developing the *res gestœ*, or in making out the guilt of the defendant by a chain of circumstances connected with the crime for which he is on trial." *Gilbraith* v. *The State*, 41 Texas, 569 ; *Speights* v. *The State*, 1 Texas Ct. App. 551; *Persons* v. *The State*, 3 Texas Ct. App. 240.

Mr. Wharton, in his American Criminal Law, says it is admissible to produce evidence of a distinct crime to prove *scienter*, or make out *res gestœ*, or to exhibit a chain of circumstantial evidence in respect to the act charged. 1 Whart. Cr. Law (7th ed.), sects. 631, 635, 650; *Ham* v. *The State*, 4 Texas Ct. App. 646.

Another exception complains that, after the State had introduced a portion of a conversation (which was objected to) between Damon, the owner of the ridgling, a brother of Damon, and defendant and his brother, about the horses, the court refused to allow the witness to relate all the conversation between the parties at that time. Neither of these objections is well taken. Obviously, the conversation took place after the horses were stolen, for defendant told Damon's brother that he understood he had accused him (defendant) of stealing them. Upon the other exception, in qualifying the bill, the court says he did not permit the remaining portion of the conversation between the parties to be given in evidence, because " the witness stated he had stated all that was said by any of the parties in reference to the missing horses." The statute only confers the right to have the whole of the conversation " *on the same subject* " inquired into, or such declarations introduced as are necessary to make the portion testified to fully understood, or which may explain it. Pasc. Dig., art. 3129.

Defendant urges, as another objection, that the court refused to permit him to prove by his witness what he (defendant) told witness was the reason which induced him to assume and pass under an assumed name. We do not see,

even if the evidence had been admissible, that it would have met or proved any issue in the case. True, at the time he sold the horses he was passing under the name of Baker, and the fact that he had changed his name was, doubtless, a circumstance against him; but it did not in any way tend to disprove his guilt in the case that he had told the witness why he had changed his name.

In qualifying this bill of exceptions, the court makes a statement which, we think, fully meets and answers any supposed objection to the ruling. He says that, when he sustained the objection to the statement of the reasons as made by defendant to the witness, he at the same time stated "that if the witness knew, of his own knowledge, why the defendant changed his name, he could state that fact to the jury; and the said witness stated he did not know, of his own knowledge, why defendant changed his name."

We are of opinion that the objections to the charge of the court are not tenable. The paragraph specially pointed out as being injurious to the rights of the defendant is in direct conformity with the provisions of the statute (Pasc. Dig., art. 3108) which makes the jury the exclusive judges, in all cases, of the facts proved and the weight to be given to the testimony. From the fact that a witness is unimpeached and uncontradicted, it does not follow that the jury are necessarily bound to believe his evidence and take it as true. There is no such positive rule; no more than that they must reject his testimony, if evidence has been offered to impeach him. The question of credibility, under all the testimony and surrounding indications, judging from mode and manner of testifying, the probability or improbability of the statements, is for the jury; though they are not to reject or disregard a witness arbitrarily, and especially so in those cases where his testimony is sustained by the corroborative evidence of circumstances and of other witnesses. And, "while they may judge of the credibility of

a witness, they must exercise judgment, and not will merely, in doing so." *Robertson* v. *Dodge*, 28 Ill. 161; *Smith* v. *Grimes*, 43 Iowa, 357; *Hartford Life Ins. Co.* v. *Gray*, 80 Ill. 29; *Evans* v. *George*, 80 Ill. 51; *Green* v. *Cochran*, 43 Ill. 545; *Chester* v. *The State*, 1 Texas Ct. App. 702; *The State* v. *Smallwood*, 75 N. C. 104; *Jones* v. *The State*, 5 Texas Ct. App. 86; *Fisher* v. *The State*, 4 Texas Ct. App. 181.

As stated above, the charge was correct in law; and, as to how far the court and jury would credit or disbelieve the positive, but unsupported, testimony of the witness to the fact that he had seen the defendant and two strangers swop horses in the road, and that the horses defendant got were the stolen ones, was, it seems to us, a matter, under all the circumstances, peculiarly within their province; and where, as in this case, they had the witness before them, and the jury did not believe his statements, and the court refused a new trial, and the other testimony in the case is amply sufficient to support the verdict and judgment, this court will not interfere to disturb them simply because no one did or could contradict the statement.

As a whole, the charge given presented the law applicable to the facts, and is unobjectionable. No error is perceived in refusing to give the special instruction asked for defendant.

We see no error in the judgment, and it is affirmed.
*Affirmed.*