# WILLIAM G. GIBSON

### v.

# B. F. TROUTMAN, Adm'r.

1. DISCREDITING WITNESS—PROVINCE OF JURY.—An instruction that the jury are to judge of the credibility of witnesses, and give such weight to the testimony of witnesses as they, in the exercise of a sound discretion, think the testimony is entitled to, is too comprehensive. The jury are only authorized to disbelieve a witness when he is discredited in some of the modes known to the law.

2. TESTIMONY MUST BE TO A MATERIAL POINT.—It is only when a witness knowingly and willfully swears falsely in reference to a material matter that the jury are authorized to reject the whole of his evidence, except so far as the same may be corroborated.

APPEAL from the Circuit Court of Coles county; the Hon. C. B. SMITH, Judge, presiding. Opinion filed October 19, 1881.

Messrs. DUNN & CONNOLLY, for appellants; that juries have a right to weigh evidence, but have no right to capriciously disregard testimony; cited St. L. A. & T. H. R. R. Co. v. Manley, 58 Ill. 300; Haycroft v. Davis, 49 Ill. 455; Smith v. Slocum, 62 Ill. 354; Carney v. Tully, 74 Ill. 375; Chicago v. Lavalle, 83 Ill. 482; Robertson v. Dodge, 28 Ill. 161; C. & A. R. R. Co. v. Gretzner, 46 Ill. 74; C. B. & Q. R. R. Co. v. Stumps, 55 Ill. 367; Evans v. George, 80 Ill. 51; C. C. & I. C. R. Co. v. Troesch, 57 Ill. 155.

The instruction was erroneous, because hypothetical, and there was no evidence upon which to base it: Herrick v. Gary, 83 Ill. 85; Gibson v. Webster, 44 Ill. 483; Bullock v. Narratt, 49 Ill. 62; Bailey v. Godfrey, 54 Ill. 507; T. W. & W. R. R. Co. v. Ingraham, 77 Ill. 309; Andreas v. Ketcham, 77 Ill. 377; Alexander v. Mt. Sterling, 71 Ill. 366; Bradley v. Parks, 83 Ill. 169.

A partial want of consideration is only a defense *pro tanto:* Story on Promissory Notes, § 187; Chitty on Contracts, § 459.

Instructions giving undue prominence to certain items of evidence are erroneous: Evans v. George, 80 Ill. 51; Callaghan

v. Myers, 89 Ill. 569; Chesney v. Meadows. 90 Ill. 433; Frame v. Badger, 79 Ill. 441; Hewitt v. Johnson, 72 Ill. 513; Cushman v. Coggswell, 86 Ill. 65.

Messrs. CRAIG & CRAIG, Mr. JAMES K. RARDIN and Mr. J. P. HARRAL, for appellee, cited I. & St. L. R. R. Co. v. Ogle, 92 Ill. 353.

HIGBEE P. J.   Appellant filed a claim in the county court against the estate of appellee's intestate, John Barr, and the same was allowed by the order of said court.

From this order Elizabeth Downey a creditor of the estate, prosecuted an appeal to the circuit court, where upon hearing, the first two items in the account, for funeral expenses and attendance in last illness of deceased, were allowed, and the third item founded upon a due bill alleged to have been given by deceased to appellant for $1,081.50, was rejected.   The claimant brings the case to this court by appeal, and assigns for error the action of the circuit court in rejecting said claim and in giving improper instructions for appellee.

The objections urged to the allowance of this claim were that said due bill was a forgery, or if made and entered into by deceased, was without consideration and therefore void. The evidence was contradictory and conflicting, and an effort was made to discredit Robert Newell, an important witness in behalf of claimant, who testified to the execution of said note by deceased, and to circumstances tending to show a consideration therefor.

At the instance of appellee the court gave to the jury the following instruction:   "The court instructs the jury, for the defense that the jury are to judge of the credibility of witnesses and to give such weight to the testimony of witnesses as the jury may think, in the exercise of a sound discretion, that the testimony of any witness or witnesses is entitled to; and if the jury believe that any witness or witnesses have sworn knowingly and willfully false, then the jury may reject the testimony of such witness, so far as not corroborated by other credible testimony, if it is not so corroborated."

The first part of this instruction is entirely too comprehensive in its terms. The jury might well understand from it that it was left to them to determine without restriction whom to believe or disbelieve. They are only authorized to disbelieve a witness when he is discredited in some of the modes known to the law. Evans v. George, 80 Ill. 51; Roberts v. Dodge, 28 Ill. 161; Hartford Life Ins. Co. v. Gray, 80 Ill. 23.

The remaining part of the instruction, in telling the jury that if any witness has sworn knowingly and willfully false, they may reject the whole of his testimony except so far as the same is corroborated, is equally objectionable. The instruction does not require the matters sworn to to be material.

In such case no liability to the legal punishment for perjury results from his act, and the full obligation of the compulsory power of a judicial oath does not rest upon him. Peak v. The People, 76 Ill. 289.

The law is well settled that it is only when the witness swears knowingly and willfully false in reference to a material matter, that the jury are authorized to reject the whole of his evidence except so far as the same may be corroborated. Peak v. The People, *supra.* Hartford Life Ins. Co. v. Gray et al. 80 Ill. 28.

Although other instructions given in the case contain a more accurate statement of the law, they were not so drawn as to protect appellant from the injury likely to be produced by the erroneous instruction complained of.

As this case must be remanded for a new trial, in which the evidence may be entirely different from that contained in this record we, purposely refrain from any expression of opinion as to the weight of the evidence or the merits of the controversy as now presented.

Judgment reversed and cause remanded.

Reversed.