Holloway v. Johnson.

*Reversed and remanded.*

ROBERT HOLLOWAY
v.
JACOB JOHNSON.

*Evidence—Relevancy—Instructions—Weight of Evidence—" Character and Skill of Witnesses."*

1. Evidence to be admissible must be relevant and pertinent, and confined to the issue. Evidence of collateral facts, or those which are incapable of affording any presumption as to the principal fact or matter in dispute, is inadmissible.

2. Where there is a direct conflict of evidence between the parties, no improper evidence, which might influence the jury, should be admitted.

3. An instruction that the weight and credit to be given to the testimony is to be determined by the " character and skill of the witnesses, " is improper.

[Opinion filed June 20, 1887.]

APPEAL from the Circuit Court of Knox County; the Hon. ARTHUR A. SMITH, Judge, presiding.

Messrs. KIRKPATRICK & ALEXANDER, for appellant.

Messrs. WILLIAMS, LAWRENCE & BANCROFT, for appellee.

*Per Curiam.* This was a suit in assumpsit brought by the appellee against the appellant, to recover from the appellant money had and received by him for the appellee for his share in the earnings of certain stallions of the appellant taken and kept by the appellee for the years 1883 and 1884, under an agreement by the appellee with the appellant for a share in the said earnings, and also for the services of the appellee in caring for and feeding said stallions each year after the stallion season was over. Appellant filed pleas of non assumpsit and set-off. Trial, verdict and judgment for appellee for the sum of $938.50 and costs, to reverse which judgment this appeal is prosecuted.

Various errors are assigned. Upon the vital issues in the case there was a direct conflict between the appellee and the appellant as to the terms on which the appellee obtained from the appellant his stallions, to keep and stand for the year 1883, and the year 1884. It was essential that no improper evidence should be permitted to go to the jury, the effect and tendency of which might be to influence and bias the minds of the jury.

It is insisted by counsel for appellant that the court permitted, against the objections of counsel for the appellant, proof of the contents of a letter claimed to have been written by the appellant to the appellee in the spring of 1885, in which letter it is claimed appellant wrote to the appellee, " I have got some colts I will let you have for half, but I couldn't let you have an old one except for one-third." It is a well established rule, that the evidence offered must be relevant and pertinent and confined to the issue. This rule excludes all evidence of collateral facts, or those which are incapable of affording any presumption as to the principal fact or matter

in dispute, and the reason of this rule is that such evidence tends to draw away the minds of the jury from the point in issue, and to excite prejudice and mislead them. 1 Greenleaf, Ev., Secs. 51 and 52; 1 Wharton, Ev., Sec. 29; 1 Best, Ev., Sec. 251; 1 Phillips, Ev., 748; Evans v. George, 80 Ill. 51. Two facts are said to be relevant to each other when so related that, according to the common course of events, one, either taken by itself, or in connection with other facts, proves or renders probable the past, present or future existence or non-existence of the other. Cole v. Boardman, 2 New Eng. Rep. 716. Applying to this letter the above test as to when two facts are said to be relevant to each other, we are unable to perceive its relation to the main fact in issue in this case. It refers to a separate and distinct offer by appellant to the appellee for the year 1885, and proof of this offer for 1885 neither proves nor tends to prove what the agreement was between the appellant and the appellee for the years 1883 and 1884. The court erred in admitting evidence of the contents of this letter.

With respect to the contract of 1882, 1883 and 1884, the only evidence on the part of the appellee is that of himself, and there is no fact or circumstance in proof, that tends in any manner to support his testimony, except that it is claimed that the son of appellant at one time gave to the appellee the half of a sum of money he had collected for the services of a stallion, and the statement that appellant in 1884 told Marsh that he was giving appellee a better show than the balance. These were the only legitimate facts and circumstances proven supporting appellee. The terms, as stated by appellee, that he was to receive the one-half of the earnings, is denied by appellant, and the terms, as stated by appellant, are that the appellee was only to have one-third of the earnings. Appellant is supported by Waugh, who testified that appellee told him that all appellant would let him have was one-third; Squires, who testified that appellee told him that appellant would not agree to give him more than one-third; James, who testified that appellee told him, when about to take the horses away from appellant, in the spring of 1884, that he was getting the one third, and that appellee told him at Galesburg, in the spring of 1885,

that he got the horses he then had over in Iowa, because appellant would not give him the one-half. Appellee also admits that he paid appellant for the earnings of 1883 and 1884, $139.50, more than one-half of the earnings. We are of the opinion that the appellant is sustained, as to the terms of the agreement on which the appellee took and kept the stallions, by a preponderance of the competent evidence.

It is further insisted by counsel for appellant, that the court erred in giving first, second, fifth and eighth instructions for the appellee. We do not consider the objection to the first instruction well taken. The second instruction was erroneous in fixing the wrong standard by which the jury was to determine the weight and credit to be given to the testimony; that they " must give it all the weight, the character and skill of the witnesses, in the judgment of the jury, entitled it to." The estimate, under this instruction, the jury are to place on the testimony, is based upon the " character and skill of the witnesses." There are numerous other matters to be considered by the jury in determining the weight and credit to be given to the witnesses than " character and skill." This instruction should not have been given. The fifth and eighth of appellee's instructions were not predicated upon any evidence in the record, and should have been refused. It was error to give them.

We recognize, upon an examination of the record, other numerous errors in the rulings of the court in admitting improper evidence, to which objections were made by the counsel for the appellant, such as the admission of evidence as to the condition of the stallions when taken by appellee. There was no question presented in this case that would make such evidence relevant or material; it should not have been admitted.

We do not deem it necessary to refer in detail to all such minor errors, believing that all such errors will be corrected on another trial. For the errors in admitting improper evidence, and in giving improper instructions on the part of the appellee, as herein indicated, the judgment is reversed and cause remanded for a trial *de novo*.

*Reversed and remanded.*