Laurence M. Jeger and Alfred Klingelhoefer, trading as Jeger & Klingelhoefer, Appellees, v. Julius Kessler & Company, Appellant.

### Gen. No. 25,556.

1. ATTORNEY AND CLIENT, § 81*—*what constitutes negligence.* It is negligent for an attorney-at-law to take, in an action which he is prosecuting, a verbal agreement from an admittedly unreliable practitioner.

2. ATTORNEY AND CLIENT, § 127*—*when compensation allowed attorney · is excessive.* In an action by attorneys-at-law to recover for legal services rendered in regard to the collection of notes aggregating $145.47, of which plaintiffs secured a settlement for $60, evidence examined and *held* to show that a verdict and judgment for plaintiffs for $875 were contrary to the greater weight of the evidence.

3. INSTRUCTIONS, § 81*—*when instruction is erroneous.* An instruction which singles out evidence favorable to one party and ignores the evidence most favorable to the other is vicious, especially where it fails to state that the evidence singled out may be considered in connection with all of the other facts and circumstances in evidence, or to indicate that there is any countervailing evidence on the subject.

4. INSTRUCTIONS, § 131*—*when instruction is erroneous as ignoring fact.* In an action by attorneys-at-law to recover for professional services, it is error to instruct the jury that they may disregard plaintiffs' act in sending defendant a statement of their charges and that plaintiffs were not bound by such act, without including in such instruction any reference to plaintiffs' letter accompanying the statement, as the effect of the account and the letter was a question of law for the court.

5. ATTORNEY AND CLIENT, § 134*—*what evidence is admissible in action for compensation.* In an action by attorneys-at-law to recover fees for services rendered, the letter accompanying plaintiffs' statement rendered defendant for a smaller amount before bringing such action is material evidence not to be withheld from the jury's consideration.

Appeal from the Municipal Court of Chicago; the Hon. ARNOLD HEAP, Judge, presiding. Heard in this court at the October term, 1919. Reversed and remanded. Opinion filed April 12, 1920.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MAYER, MEYER, AUSTRIAN & PLATT, for appellant.

HARTLEY L. REPLOGLE and REUEL H. GRUNEWALD, for appellees.

MR. JUSTICE HOLDOM delivered the opinion of the court.

In an action for attorneys' fees for services rendered defendant by plaintiffs in Milwaukee, Wisconsin, involving the collection of notes aggregating $145.47, in which plaintiffs procured a settlement for $60, there was a verdict and judgment for $875.

The naked statement of these few facts shocks the moral sense. It is such conduct upon the part of unethical lawyers which tends to bring the profession of the law into disrepute with good people.

Plaintiffs, in a manner realizing that they were attempting an extortion, sought to excuse it on the ground that vital principles were involved in the case, and that it was these principles that the lawyers sought to establish in the collection suit.

In the first place, there was nothing of much moment on principle involved; secondly, it cannot be gainsaid that plaintiffs in the litigation utterly failed to establish any principle important or unimportant, but very tamely settled the claim for the trifling sum of $60. They rendered no service except of the most common and ordinary character. Nothing was done or attained which could not have been as well accomplished by an ordinary junior clerk in any well-regulated law office. Moreover, defendant's attitude before suit against Ratsch, the debtor, indicated that the collection was nothing out of the ordinary and that defendant did not want to have the matter made expensive. It wrote to plaintiffs *inter alia:* "We wish to say, however, that the goods were sold to Mr. Ratsch at a very close margin, and unless there

are certain assurances that the judgment which we know you can obtain against Mr. Ratsch without a doubt, can also be readily collected, and the matter can be disposed of within a comparatively short time, it certainly would not pay us to get a judgment or engage in a litigation that would tie up the goods beyond a time that would be reasonable.''

Plaintiffs were likewise, among other things, negligent in the handling of the matter. In the suit they confessedly took a verbal agreement from an admittedly unreliable practitioner in Milwaukee, who repudiated it when plaintiffs attempted to make it effective, causing them considerable trouble and time to rectify.

The malevolence of plaintiffs in making in this suit a demand for extortionate fees is accentuated by a letter written to defendant after the matter had ended, in which they say: ''Relative to our services in the matter of yourselves vs. Charles Ratsch, we wish to state that the services as per statement rendered based on the most reasonable charges we have ever made in this office run between $550 and $600. In view of all the circumstances in this case, however, we have decided to reduce the bill to $300, less the $4.17 credit on the disbursements, leaving a balance due us of $295.83, for which amount we shall be pleased to receive your check.''

This was an account rendered with full knowledge of all the facts, and while it is reasonable by comparison with the present demand, an ordinary business man might be excused from not only not immediately paying it, but in objecting to it.

Plaintiffs at one time had a glimmer as to ethical conditions, for nearly a year, prior to sending the foregoing account for $295.83 they wrote defendant: ''We may also state that in view of the small amount involved, we could not possibly expect you to compensate us for all the actual services rendered in the

cause, but we also feel, having started this matter for you, it is up to us to continue it, even though we do so at a loss of time and services.'' This sounds like the utterance of a lawyer with a conscience attuned to a desire to do what under the circumstances was reasonable and right.

The verdict and judgment are clearly contrary to the greater weight of the evidence, as a reading of it demonstrates.

The court erroneously gave the two following instructions to the jury:

''The court instructs the jury that if they believe, from the evidence, at the time of the initial employment of the plaintiffs, they were informed by the agent of the defendant that the amount at issue was not only, or chiefly, the mere money value of the promissory notes placed in their hands for collection, such fact may properly be taken into consideration by the jury in determining the nature and extent of the services which it was proper for the plaintiffs to render thereafter, and also in determining the value and compensation for such services to be fixed by the jury by their verdict in this cause.

''The court instructs the jury that if they believe, from the evidence, that the plaintiffs, in the course of their employment by the defendant, had reason to believe, and did believe, that it was the wish of the defendant, by the litigation to be conducted by the plaintiffs against the person Ratsch, mentioned in the evidence, not merely to collect from said Ratsch a certain amount of money, but also to establish and obtain legal sanction from the courts of Wisconsin for the methods of business conducted by it, including the form of warehouse receipts used by it; and also that it was the opinion of the defendant that a competitor, or competitors, were attempting to interfere maliciously with the business of the defendant in the vicinity of said Ratsch, and preventing its gaining new business by false and improper representations, and that it was the desire of the defendants to rebuke such competitive interference through the serv-

ices of the plaintiffs by the litigation to be conducted by them, it is proper for the jury to consider such fact, or facts, if they believe them to be established by a preponderance of the evidence in this case, in arriving at their verdict and in fixing the amount of the compensation which plaintiff can properly claim in this cause.''

The first of these instructions is vicious in singling out evidence favorable to plaintiffs and in ignoring the evidence most favorable to defendant. As said in *Evans v. George,* 80 Ill. 51:

''It directed their attention only to facts favorable to defendants, and left out of view all that tended to illustrate plaintiff's theory of the case. It is the duty of the jury to consider all the facts, and when the court assumes to direct their attention to the facts, it should refer them to all the facts, so as to present the case fairly for both parties. Otherwise, the jury might understand the facts stated in the instructions are the only ones necessary to be considered in deliberating on their verdict.'' *Turner v. Lord & Thomas,* 124 Ill. App. 117; *Wickes v. Walden,* 228 Ill. 56.

The vice in the instruction was not only repeated in the next one, but in aggravated and enlarged form. Nor were the jury told in either of these instructions that the evidence regarding the alleged principle at stake might be considered with all of the other facts and circumstances in evidence, nor did they indicate that there was any countervailing evidence on the subject.

The three instructions which the court gave regarding plaintiffs' rendering a statement of charges in the case, in which the jury were instructed that it was at liberty to disregard that incident, and that plaintiffs were not bound by their action in that regard, but might, if the evidence warranted, recover more, were erroneous. These instructions did not include any reference to the letter which plaintiffs had

written defendant, and for reasons already assigned these instructions in thus selecting but one phase of this incident, and that most favorable to plaintiffs, was erroneous. The account so rendered and the letter accompanying it presented a question of law for determination by the court as to its effect. The remarks of the court in *Turner v. Lord & Thomas,* 124 Ill. App. 117, are pertinent to these three faulty instructions, where the court said:

"This instruction also singles out the letter referred to, practically tells the jury that they may ignore the other evidence, and implies that it is of no importance whether Turner was or was not acting for the Alliance in making the purchase."

We quite agree that these three instructions in effect told the jury that they might ignore the letter of plaintiffs which was in evidence. This letter was material evidence and it should not have been withheld from the consideration of the jury. *Slack v. Harris,* 200 Ill. 96.

Counsel have presented most excellent and enlightening arguments on every conceivable phase of the case—labor worthy of a better cause. While we have failed to dispose of all the numerous questions thus presented, what we have already discussed effectually disposes of the controlling features of the case.

As the judgment of the municipal court is unjust, it is reversed and the cause is remanded for a new trial.

*Reversed and remanded.*

MR. PRESIDING JUSTICE McSURELY concurs in the conclusions, and MR. JUSTICE DEVER concurs.