DAVID NEWSOM, Plaintiff in Error, *v.* THOMAS M. LUSTER et al., Defendants in Error.

### ERROR TO SANGAMON.

It is not necessary, under § 24 of ch. 25, Rev. Stat., entitled "Conveyances," that the party wishing to use a certified copy of a deed duly acknowledged and recorded, should himself make affidavit of the loss of the original, or that it was not in his power; but any evidence which satisfies the mind of the court, that the deed is not in the party's power, is all that is required.

Proof of the handwriting of the grantor to a deed, furnishes more satisfactory evidence of its execution, than would proof of the handwriting of the subscribing witness.

Whenever the subscribing witnesses to an instrument are beyond the jurisdiction of the court, its execution may be proved by proof of the handwriting of the grantor

or obligor.   This rule does not apply to instruments which the law requires to be attested by witnesses.

Evidence sufficient to satisfy a reasonable mind, that a deed is not in the power of a party, is all that the statute requires, as preliminary to the admission in evidence of a certified copy.

THIS was an action of trespass *quare clausum fregit*, brought by the defendants in error against the plaintiff in error.   The defendants pleaded, 1st, not guilty ; 2d, statute of limitations ; 3d, *Liberum tenementum*.   Plaintiff replied by " *similiter* " to 1st, and traversing the 2d and 3d pleas.   On the trial, for the purpose of showing title, the plaintiffs offered to read in evidence a certified copy, from the records of deeds of Sangamon county, of a deed from John Huston, the patentee, to Vincent A. Bogue ; and grounded his motion for the admission of said deed upon the following affidavit :

" David Spear, being duly sworn, states on oath, that this affiant sold and conveyed to the plaintiffs the tract of land in the declaration described among other tracts ; that at the time this affiant conveyed said tracts of land, plaintiffs were minors, as he is informed and believes ; that said land was conveyed by McCandless and Emerson to this affiant ; that said McCandless and Emerson claimed said land under a deed of assignment from Vincent A. Bogue, who claimed the same by virtue of a deed from John Huston, the record of which is now offered in evidence ; that this affiant never had in his possession, and never delivered the original deed from Huston to Bogue, to plaintiffs ; nor does he believe that said original deed now is or ever was in the possession or power of said plaintiffs, or either of them ; that said Bogue long since left the State of Illinois, and the last affiant heard of him he was in New Orleans, insane ; that said McCandless and Emerson resided at Cincinnati, in the State of Ohio, where, if alive, they still reside, so far as he knows ; that this affiant is the agent of said plaintiffs, attending to this cause ; that said deed is not in his power or possession, nor does he know where it is."

And the court thereupon admitted the certified copy to be read to the jury, to which the defendant at the time excepted. The plaintiffs next offered to read in evidence, a deed, not ac-

knowledged, from Bogue to McCandless and Emerson, by proving the handwriting of Bogue, and accounting for the absence of William Doty, the subscribing witness; on which two points the plaintiffs proved as follows; by James L. Hill, that he lived in Cincinnati in the summer of 1832, and knew a Mr. McCandless, but thinks he was doing business under the name of McCandless & Co.; can't say his name was James; don't recollect of knowing Henry Emerson; that he also knew a man in Cincinnati at the same time, by name of William Doty, but could not swear to his handwriting, and could not say that the handwriting of the subscribing witness to the deed was that of William Doty; that he knows no man in this State by name of Doty; heard of one in Wisconsin. The plaintiff then proved, by Thomas Moffett, that he was well acquainted with Vincent A. Bogue; that he was engaged in running a steamboat in summer of 1832; that he was not in Springfield during any part of said summer; and that he knows he was in Cincinnati during said summer, the earlier part he thinks, but could not swear it was in June; that he was well acquainted with the handwriting of said Bogue; that the signature to said deed is genuine, and that, in fact, the whole deed is in the handwriting of said Bogue; and the said Moffett further testified, that he never knew any man by the name of William Doty, living in Sangamon county or in this State. And thereupon the court admitted said deed to be read in evidence to the jury; to which decision the defendant, by his counsel, excepted at the time; and on the admission thereof, it was stipulated by the plaintiffs that, if a verdict should be rendered for them, and the court should be satisfied on reflection that the deed from Bogue as aforesaid was improperly admitted, that then a judgment should be entered for the defendant. And after the rendition of the verdict for the plaintiffs, the defendant moved the court for a new trial, or in pursuance of said stipulation for a judgment in behalf of said defendant, on the ground that said deed, from Bogue to McCandless and Emerson, was improperly admitted to go to the jury; and the court then and there refused said motion for a new trial, and refused to let judgment be entered for defendant; to which decisions of the court the defendant then and there excepted.

These several decisions of the court are assigned as errors:
1st, in admitting the copy of the deed from Huston to Bogue,
upon the affidavit of D. Spear; 2d, the admission of the deed
from Bogue to McCandless and Emerson; and 3d, in overruling
the motion for a new trial, and the motion for judgment, in
pursuance of the stipulation, for the defendant.

This cause was heard before DAVIS, Judge, at August term,
1851, of the Sangamon Circuit Court.

STUART & EDWARDS, for plaintiff in error.

The deed from Huston to Bogue was improperly admitted
upon the affidavit of Spear, the agent. Section 25, ch. 24, Rev.
Stat. 108, requires, that the original must be either " lost, or not
in the power of the party wishing to use it." The affidavit of an
agent, that it is not in his power, and that he believes that it is
not in the possession of his principal, is not sufficient.

The deed from Bogue to McCandless and Emerson, was
improperly admitted. The rule is inflexible, that the subscribing
witness must be produced. 1 Greenl. Ev. § 56; 1 Stark. Ev.
371, 379; 1 Greenl. Ev. § 568 and note, § 574; Cook et al. *v.*
Woodroe, 5 Cranch, 13; 2 U. S. Cond. 174.

Where a subscribing witness is resident abroad, evidence of
his handwriting must be given as if he were dead. Barnes *v.*
Trompowsky, 7 T. R. 261; Lessees of Clarke *v.* Courtenay et
al. 5 Peters, 344; Jackson *v.* Waldron, 13 Wend. 196; Wilson
*v.* Betts, 4 Den. 206, 210; Brown et al. *v.* Warren, 4 Blackf.
122; Wilson *v.* Royston, 2 Arkan. 315; Settle *v.* Wilson et al.
8 Ga. 206; Clark *v.* Sanderson, 3 Binn. 192; Farnsworth's
Adm'rs *v.* Briggs, 6 N. Hamp. 561; Watts *v.* Kilbourn, 7 Ga.
359.

S. T. LOGAN, and E. B. HERNDON, for defendants in error.

That the degree of proof which the law requires, to afford
satisfactory evidence that an original deed, a copy of which is
proposed to be introduced, is not in the power of the party
wishing to use it, must necessarily be undefined; but if the

evidence shows a fair presumption that the party offering to introduce the certified copy is not withholding the original for a fraudulent purpose, and that it is not in his possession or under his control, then the copy is properly admissible. Rev. Stat. 108, § 25; 5 Gilm. 125; 11 Ill. 402; 6 Binn. 228; 3 Phil. Ev. 1187; 1 Greenl. 682, and note 5.

The execution of a deed having a subscribing witness, may be proved by proving the handwriting of the grantor, where the evidence shows that reasonable diligence has been used, or would be useless to prove the same by the subscribing witness, or by proof of his handwriting. 22 Pick. 85; 25 Maine, 90; 8 B. Monroe, 496; 12 Ala. 425; 17 Ala. 717.

TRUMBULL, J. The abstract, furnished by the plaintiff in error, contains a full and fair statement of the points involved in this case.

The propriety of admitting in evidence the certified copy of the deed from Huston to Bogue, involves a construction of § 25 of the chapter concerning conveyances, Rev. Stat. 108, which is as follows :

" Every deed, conveyance, or other writing, of, or concerning, any lands, tenements, or hereditaments, which, by virtue of this chapter, shall be required or entitled to be recorded as aforesaid, being acknowledged or proved according to the provisions of this chapter, whether the same be recorded or not, may be read in evidence without any further proof of the execution thereof; and if it shall appear, to the satisfaction of the court, that the original deed so acknowledged or proved and recorded, is lost, or not in the power of the party wishing to use it, a transcript of the record thereof, certified by the recorder in whose office the same may be recorded, may be read in evidence, in any court of this State, without proof thereof."

Under this statute, it is not necessary that the party wishing to use a certified copy of a deed duly acknowledged and recorded, should himself make affidavit of the loss of the original, or that it was not in his power; but any evidence which satisfies the mind of the court that the deed is not in the party's power, is all that is required.

The same evidence of the loss of the original is not requisite in order to let in proof of its contents by a certified copy, as when the contents are to be supplied by oral testimony. Mariner *v.* Saunders, 5 Gilm. 123.

The grantee in a deed is presumed to have possession of it, and yet where a party made affidavit that he had not the original, did not know where it was, and that it was out of his power to produce it, connected with proof that the grantee, when called upon for the original, answered that he had not had it for a long time, and did not know where it was, was held sufficient to entitle a certified copy to be read in evidence, without calling the grantee as a witness, though he lived in the town where the trial was had. Bestor *v.* Powell, 2 Gilm. 119.

The deed from Huston to Bogue, had been executed and placed upon record more than twenty years before the certified copy was offered in evidence. Spear, the agent and grantor of the plaintiffs, swears that he never had possession of said deed, that Bogue — in whose custody the law presumes the deed to be — left the State of Illinois long ago, and when last heard of by the witness was insane, in New Orleans ; that said deed was not in the possession or power of the witness, and never had been, and that he did not believe it was or ever had been in the power or possession of the plaintiffs. This evidence we think sufficient to satisfy any reasonable mind, that the deed from Huston to Bogue was not in the power of the plaintiffs, which is all that the statute requires as preliminary to the admission in evidence of the certified copy.

What shall be sufficient evidence that the original is not in the party's power, must necessarily depend very much upon the circumstances of each particular case, and is, in some measure, a question addressed to the discretion of the court trying the cause. It certainly is not necessary that search should be made in every possible place, or every person summoned as a witness *duces tecum*, who might by possibility have custody of the paper. If the evidence shows that reasonable efforts have been made to procure the original, or that such efforts would probably be unavailing, it is all that the statute requires.

The next point in the case relates to the proof of the execution of the deed from Bogue to McCandless and Emerson.

This deed was not acknowledged, but was admitted in evidence upon proof of the handwriting of the grantor, the absence of the subscribing witness being first accounted for, and some evidence introduced, tending to show that his handwriting could not be proved.

The evidence sufficiently showed that the subscribing witness to the execution of the deed was not within the reach of the process of the court; and in such case, this court has expressly decided that it is unnecessary to produce the subscribing witness at the trial.   Wiley *v.* Bean, 1 Gilm. 305.

It is, however, objected that, in the absence of the subscribing witness, the next best evidence is proof of his handwriting, and that it was improper to admit the deed in evidence upon proof of the handwriting of the grantor alone.   Admitting this to be the general rule, — and, we think, a sufficient reason was shown, in this case, for failing to prove the handwriting of the subscribing witness, — it is laid down in 1 Phillips on Evidence, 475, that "if, after diligent inquiry, nothing can be heard of the subscribing witness, so that he can neither be produced himself, nor his handwriting proved; in these cases, the execution may be proved, by proving the handwriting of the party to the deed;" and in Pelletrean *v.* Jackson, 11 Wend. 123, it is said : "The same diligence should be exacted in endeavoring to prove the handwriting, that is required in the endeavor to find and procure the personal attendance of the witness, at least, before the third degree of evidence is admitted, to wit, the handwriting of the party."

In the case of Clarke *v.* Saunderson, 3 Binney, 192, it was held to be a sufficient reason for failing to prove the handwriting of a subscribing witness, that search had been made without effect for some person who could prove that fact in the county, in Pennsylvania, where she had formerly resided, but without any effort to procure such evidence from Baltimore, where she subsequently lived; and the obligation was admitted in evidence upon proof of the handwriting of the obligor.

The case of McPherson *v.* Rathbone, 11 Wend. 97, decides,

"that if the handwriting of the subscribing witness cannot be proved, after proper diligence has been used for that purpose, the party must then resort to the same testimony as if there had been no subscribing witness."

In the case of Woodman v. Segar, 25 Maine, 90, the court admitted a deed in evidence, upon proof of the handwriting of the grantor, it being shown that the subscribing witnesses did not reside in the State, and it not appearing affirmatively that there was any one in the State who could prove their handwriting.

Tested by these authorities, a sufficient excuse was shown for the failure to prove the handwriting of the subscribing witness to the deed, from Bogue to McCandless and Emerson.

The evidence showed, *primâ facie* at least, that the deed was executed and witnessed in Cincinnati, Ohio, in 1832; and a witness who lived at Cincinnati at that time, states, that he knew a man then residing there, whose name was William Doty — that of the subscribing witness; but he could not say that the handwriting of the subscribing witness to the deed was that of William Doty. It was further proved, that no man by the name of William Doty had ever been known to the witnesses in the State of Illinois.

Upon the principle settled by the cases of Pelletrean v. Jackson, Clarke v. Saunderson, and Woodman v. Segar, it was clearly unnecessary to go to Cincinnati, in search of evidence to prove the handwriting of the subscribing witness. To have made such a requirement, would have been exacting greater diligence to prove the handwriting of the subscribing witness than to procure his personal attendance, which is not to be required. The subscribing witness had never resided in this State, and how was his handwriting to be proved here? Where should a party begin to hunt up the evidence, to prove in this State the handwriting of a person who resided in Cincinnati some twenty years ago, and who, so far as is known, had never been in Illinois? The thing is almost impossible, and it would be by the merest accident, if such a person could be found in hunting the State over. It would be a fruitless effort to attempt to prove negatively, that there was not evidence to be found within the

jurisdiction, of the handwriting of an attesting witness who, it appears, was never within the State. The law will not exact so unreasonable a thing. All that can be required in any case is, that reasonable diligence should be used to procure evidence of the handwriting of the subscribing witness; and, under the peculiar circumstances of this case, such diligence was shown by the evidence offered.

This branch of the case has thus far been considered upon the assumption that, in the absence of the attesting witness, the next best evidence of the execution of a deed is proof of the handwriting of such witness, and such is the rule established by very many authorities.

Why proof of the handwriting of a subscribing witness should be better evidence of the execution of an instrument than that of the obligor, is not very apparent, and the attempts to give a reason have not, in my judgment, been very satisfactory. Senator Tracy, in the case of Jackson *v.* Waldron, 13 Wend. 197, gives, as reasons for the rule, that a person runs a greater risk "in forging the signature of both witness and party than of the party alone," and "that, in the suit on the obligation, the person whose name was forged as the subscribing witness would be a competent witness to prove the forgery of his signature; while a party might be compelled to sit silently by, as I have myself witnessed, and see an instrument, to which he was an utter stranger, proved by evidence of his handwriting to have been executed by him." No one can doubt that proof of the handwriting of both the subscribing witness and party would be more satisfactory than that of either one; but this is a begging of the question, which is not, whether a person would incur greater risk in forging the signature of both witness and party, than of the party alone; but the instrument, according to most of the authorities, and such seems to be the rule in New York, is to be admitted in evidence, upon proof of the handwriting of the witness alone; and surely a person would incur no greater risk in forging his signature than that of the party.

The other reason, assigned by Senator Tracy, is equally unsatisfactory. It is only in cases where the subscribing witness cannot be had, that proof of the handwriting of either witness

or party is allowed. How, then, is it possible for a subscribing witness to be present to prove the forgery of his name, to the genuineness of which a witness is testifying?

Another reason given for the rule is, that the witnesses, who subscribe at the time of the execution, are agreed upon by the parties to be the only witnesses to prove it, which, in the language of the Supreme Court of New York, in the case of Hall *v.* Phelps, 2 Johns. 451, "is not conformable to the truth of transactions of this kind, and, to speak with all possible delicacy, is an absurdity." Again, the same court, in the case of Henry *v.* Bishop, 2 Wend. 575, after quoting the foregoing paragraph from 2 Johnson, says, " This remark is perfectly right, not only as regards notes, but instruments under seal; but the old rule has been adhered to by this court in regard to sealed instruments."

So in Pennsylvania, although the old rule has been adopted, yet it was agreed by the whole court that proof of the handwriting of the party was more satisfactory than that of the subscribing witness. 3 Bin. 195; 10 S. & W. 199.

In Georgia, also, where proof of the handwriting of the subscribing witness is required, the court, after admitting that proof of the handwriting of the party executing the instrument is better evidence of the execution, make this remark: " Hitherto, however, a technical and artificial rule has prevailed over right reason in relation to this subject." Watts *v.* Kilburn, 7 Georgia, 358.

No court in this country, so far as I have examined, has expressed itself satisfied with the rule which makes proof of the handwriting of the attesting witness better evidence than that of the party, though several have felt constrained, by the force of authorities, to adopt it.

The authorities upon this question are not, however, all on one side. A number of as respectable courts as any in the Union have held, that when the subscribing witnesses to a deed are not within the jurisdiction of the court, proof of the handwriting of the party is sufficient to authorize it to be read in evidence. Such have been the decisions in Maine, Massachusetts, Kentucky, and Alabama. 25 Maine, 90; Homer *v.* Wallis, 11 Mass. 311; Valentine *v.* Piper, 22 Pick. 85; Scutney *v.*

Newsom v. Luster et al.

Overton, 4 Bibb, 445; Yocum v. Barnes, 8 B. Monroe, 496; Mardis v. Shackelford, 4 Ala. 503; Cox v. Davis, 17 Ala. 717.

In New York, as has been already shown, the old rule has been repudiated except as to instruments under seal.

Greenleaf, in the first volume of his work on Evidence, § 575, after stating that in certain cases an instrument may be admitted in evidence upon proof of the handwriting of the subscribing witness, adds, "the instrument may also in such cases be read upon proof of the handwriting of the obligor or party by whom it was executed."

In this State the question has now arisen for the first time; and in determining it, I have no hesitation in holding, that proof of the handwriting of the grantor to a deed furnishes altogether more satisfactory evidence of its execution than would proof of the handwriting of the subscribing witness. When the attesting witness cannot be had, the law requires the next best evidence, which means the next best evidence of those facts to which the attesting witness, if present, would be called upon to testify, that is, not merely that he signed the paper as a witness, but that the party executed the instrument. It is difficult to account for the signature of a party to a writing which he did not execute; but it is easy to imagine how a forged instrument might be established against him, when it is only necessary to procure the name of a person as a subscribing witness to such an instrument, and then establish it by proof of the handwriting of the witness.

As a general rule, therefore, whenever the subscribing witnesses to an instrument are beyond the jurisdiction of the court, its execution may be proved by proof of the handwriting of the grantor or obligor.

This rule does not of course apply to instruments which the law requires to be attested by witnesses. In such cases, evidence of the handwriting of both party and witness would be requisite.

Section 41, ch. 24, of the Revised Statutes, has been referred to as having a bearing upon this case. That section relates to the proof necessary to authorize taking an acknowledgment, not to that which is required to prove the execution of a deed when offered as evidence in a court of law.

16 *                              *Judgment affirmed.*