## Morton T. Reigel, Appellee, v. Des Moines Life Insurance Company, Appellant.

1. VERDICTS—*when set aside as against the evidence.* A verdict will be set aside on review where it appears to the Appellate Court that it is against the overwhelming weight of the evidence.

2. EVIDENCE—*what incompetent as self-serving declarations.* A letter, the contents of which are self-serving declarations by the party offering it, is incompetent especially where the effect would be to give such party the benefit of what it was claimed other parties would testify to who were not witnesses in the suit.

Assumpsit. Appeal from the Circuit Court of Crawford county; the Hon. E. E. NEWLIN Judge, presiding. Heard in this court at the March term, 1911. Reversed and remanded. Opinion filed November 11, 1911.

McCARTY & ARNOLD and CASPER SCHENK, for appellant.

GEORGE W. JONES, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This is a suit in *assumpsit* by appellee, to recover the cash surrender value of a fifteen year paid up policy of insurance, issued by appellant on his life. While appellant filed the general issue with other pleas, it did not really seek to contest the execution or binding force of the policy, the surrender value of which was claimed by appellee, to amount to $718.50, but its real defense, which extended only to a portion of the amount claimed to be due, was that appellee was indebted to it for the principal and interest of a note, amounting to $437.82, executed by appellee to the company and a tender of the balance of the policy, amounting to $280.68, was made by appellant.

Appellee denied the execution of the note under oath and further replied that the note was obtained by fraud and circumvention and that there was no consideration for it.

A trial was had resulting in a verdict and judgment in favor of appellee for the full amount claimed by him. From that judgment the insurance company has appealed.

The question of fact involved in the case is whether appellant is entitled to a credit of $437.82, as against the amount due on the policy and grows out of the following facts and circumstances shown by the proofs.

On November 21, 1894, a life insurance policy was issued to appellee by the Des Moines Life Association, an assessment association, for $1,000, payable at his death, by the terms of which he was to pay an annual premium of $17.40. By an arrangement entered into between appellant and appellee, the latter on February 11, 1903, surrendered his policy in the association and took a new policy issued to him by appellant, known as a 15 payment life policy. Appellant had some

connection, just what does not clearly appear from the proofs, with the association and the new policy stated it was issued in consideration of the surrender of appellee's policy in the association, the further consideration of the payment of the premiums thereon, to November 21, 1904, and the further consideration of subsequent annual premiums of $51.41 to be paid on the new policy until the 21st day of November, 1909. The effect of this policy was to cause the fifteen years, to commence November 21, 1894, which was the time the original policy was issued by the association and at a time when appellee was only 45 years of age. The new policy contained certain options, among which was one that if the assured was living at the expiration of the period named, that is November 21, 1909, he could elect to surrender the policy and accept the cash surrender value thereof, as shown by a table set forth in the policy itself. The surrender value of this policy at the end of the fifteen years, was shown by the table to amount to $599, but there was an accumulated surplus which accrued to appellee under the policy, which raised the surrender value to $718.50. The written application for the exchange of policies signed by appellee, contained the following statement: "I hereby apply to said company for a company loan of $327 no-100, secured by the reserve on said policy, to supply premium deficiency."

At the time of the exchange of policies, appellee executed his note to appellant for $17.50, to pay the tenth annual premium on the old policy, which would have been due November 11, 1904, and this note was afterwards paid and the amounts due as premiums on the new policy were also fully paid up to the time of its maturity. The note or instrument relied upon by appellant, as set-off, was signed by appellee and purported to be an acknowledgment by him that appellant had loaned him $327 as part premium on policy No. 11636 and issued to him by said company on

the 14th day of February, 1903, for $1,000 at the age of forty-five on the fifteen payment life plan, which amount with interest annually, at five per cent, should be a lien on said policy until extinguished by the surplus apportioned thereto or otherwise paid to the company on or before the 21st day of November, 1909.

Appellant also introduced in evidence a receipt signed by appellant through an agent, which had been delivered to appellee, stating it had received of appellee said policy of the association, an application for exchange for a fifteen premium life policy to bear date of original, also policy loan for $327 and premium note for $17.50 due April 30, 1903.

Appellee, while not denying his signature to said note and the application for exchange of the policies, testified that the note was not filled out and that such portion of the application as referred to the loan was not filled out, at the time he signed them.

It further appeared from the proofs, based on the testimony of appellant's auditor, that appellee had paid on his original policy nine annual premiums and a guarantee note of $10, amounting in all to $166.60; that in order to effect an exchange of the policies and give the advantage of rate at the age of forty-five it was necessary to pay the annual premium of $51.41 for nine years, amounting to $462.69; that the company required the payment of the premium in advance, at the time of the exchange, which would amount to an additional $51.41, making a total amount of premiums necessary to be paid on the fifteen payment life policy to the end of the tenth year, $514.10; that deducting from this amount said amount of $166.60, and the premium note for $17.50, would leave a balance of $330, for which appellee's note should have been given, but that a mistake of $3 was made in the computation and as a result, the note was given for only $327.

Another circumstance contended for by appellant, in support of its contention that the note must have

been given at the time of the exchange, is the fact that appellee has paid in total premiums only $475.06, while he has had insurance upon his life for fifteen years to the extent of $1,000, which amount, with the accumulations, would have been paid at any time upon his death and now he seeks to recover $718.50 or .$243.44 more than he has paid in.

To meet the facts and circumstances above set forth, appellee had only his own testimony to the effect that there had never been any conversation between himself and appellant's agent concerning the giving of the note in question and that said note and said application for exchange were not filled out at the time he signed them, as is above referred to; also two letters, one insisting upon payment and stating appellant's method of making settlement under its policies and another from appellee to appellant, written soon after the maturity of the policy and making complaints against appellant of fraud in the transaction. Upon the whole the facts and circumstances, proved on the trial appear to us to establish an overwhelming preponderance of the evidence in favor of the right of appellant to the credit claimed by it, to the extent of appellee's note above referred to and the verdict therefore cannot be permitted to stand. Donelson v. E. St. L. S. Ry. Co., 235 Ill. 625.

The letter of appellee to appellant above referred. to, was written in an illiterate manner difficult to understand, but it apparently stated in effect that appellant wanted to rob appellee and his wife of over $100 and interest and if he took out another policy appellant would rob him again; that a man appellant sent out there was a fraud and had forged their names in several places on papers he had in his possession; that if appellant did not send the money appellee had paid in he would bring suit for forgery and fraud; that he had two living witnesses besides himself and wife to such facts and that certain other persons were

going to sue the company as they thought they had been robbed.

Appellant objected to the introduction of this letter and it should not have been admitted in evidence as it was wholly self-serving and tended to give appellee to some extent the benefit of what it was claimed other parties would testify to, who were not witnesses in the suit and also the statement that other parties claimed that they had been robbed.

While other errors are claimed by appellant to have been committed in the trial of the cause, they do not appear to be of serious import and we do not think it necessary to discuss them.

The judgment of the court below will be reversed and the cause remanded.

*Reversed and remanded.*